IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01047-BNB

JEFFREY D. FOX,

    Plaintiff

v.

CALIFORNIA FRANCHISE TAX BOARD,
JOHN CHIANG, individually and in his official capacity,
RICK WARD, individually and in his official capacity,
JOYCE (last name to be identified), individually and in her official capacity,
SUE YING, individually and in her official capacity,
ALLIANCE 1, a Collection Agency,
BOB MAUCH, Chairman, individually and in his official capacity, et al.,
ORANGE COUNTY TEACHERS,
FEDERAL CREDIT UNION, et al.,
LISA MITCHELL, individually and in her official capacity,
ROSIE TAYLOR, individually and in her official capacity,
FABBY (last name to be identified), individually and in her official capacity,
SUPERIOR COURT OF CALIFORNIA, ORANGE CO. DIVISION, and
STEVEN SHERMAN, Judge Pro Tem, in his official capacity,

    Defendants.

## ORDER TO AMEND COMPLAINT
## AND TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*.

The Plaintiff, Jeffrey D. Fox, filed a Complaint **(#1)** and paid the $350.00 filing fee. Because Mr. Fox appears *pro se*, the Court must construe his Complaint liberally, but cannot serve as his advocate. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Mr. Fox must file an Amended Complaint and show cause why his claims should not be dismissed, or why the action should not be transferred to another district, due to improper venue or lack of personal

jurisdiction.

First, Mr. Fox's Complaint is deficient because he did not use the form of complaint which *pro se* litigants are required to use. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] pro se party shall use the forms established by this court to file an action."

Second, Mr. Fox's Complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond, and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." In a complaint, there is generally no need to cite to caselaw in support of the claims.

Here, Mr. Fox's Complaint does not contain a short and plain statement of jurisdiction or of his claims. It is lengthy (116 pages), difficult to follow, and replete with unnecessary legal citations and analysis. It appears that the claims themselves are not complex and can be stated more concisely, with clarity as to which claims are asserted against which Defendants. In its present form, the Complaint does not give fair notice of Mr. Fox's claims such that the Defendants may respond to them.

Third, it appears that venue and personal jurisdiction in this case are defective. Because

no Defendant has filed a responsive pleading, the Court raises this issue *sua sponte*. *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996). In his Complaint, Mr. Fox alleges that venue is proper in this Court because the events associated with this case occurred while he was residing in Colorado and because prosecuting this case in another district would present a financial hardship to him. However, all named Defendants apparently reside in California and the substantial part of the events allegedly took place in California. Thus, venue may be improper under 28 U.S.C. § 1391(b), and the Court may also lack personal jurisdiction.

**IT IS THEREFORE ORDERED** that:

(1) The Clerk of Court shall mail to Mr. Fox a copy of the Court-approved form of Complaint for *pro se* litigants.

(2) On or before **August 15, 2008**, Mr. Fox shall file an Amended Complaint, and shall file a separate document showing cause why his claims should not be dismissed, or this action transferred to another district, for lack of proper venue and personal jurisdiction. The failure to timely file either document may result in the dismissal of his claims without further notice.

(3) Mr. Fox's motion **(#13)** to amend the caption of his original Complaint is **DENIED**, as moot. He may include any corrections to the caption on his Amended Complaint.

Dated this 3rd day of July, 2008

                              **BY THE COURT:**

                              *Marcia S. Krieger*

                              Marcia S. Krieger
                              United States District Judge