IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants County of Orange - California, Board of Supervisors; Thomas G Mauk, CEO - County of Orange, California; John M. W. Moorlach; Patricia C. Bates; Janet Nguyen; Bill Campbell; and Chris Norby's Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint; Memorandum of Ponts and Authorities in Support Thereof** [Doc. #43, filed 01/30/2009] (the "Motion"). The moving defendants hereafter are referred to as the "County of Orange Defendants." I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  BACKGROUND

The plaintiff filed his Amended Complaint on July 29, 2008 [Doc. #25] (the "Amended Complaint").  The Amended Complaint contains the following allegations:

1.  The plaintiff is a resident of Colorado.  *Amended Complaint*, ¶ 1.

2.  In 2004, the plaintiff established and maintained a personal credit union savings account in California.  Id. at ¶¶ 12, 25.

3.  In September 2007, funds in the amount of $801.00 were unlawfully seized from the plaintiff's credit union account.  Id. at ¶¶ 25, 26.

4.  On September 10, 2007, the plaintiff filed suit in Orange County, California, to prohibit the unlawful seizure of his money.  Id. at ¶ 30.

5.  The court dismissed the case without addressing the constitutional issues and the plaintiff's rights.  Id.

The Amended Complaint asserts seven claims for relief.  Claims Three, Four, Five and Six are asserted against the County of Orange Defendants.  Claim Three alleges that the County of Orange Defendants deprived the plaintiff of his property without due process of law and violated his right to be free from unreasonable search and seizure when they failed to stay the execution of the seizure and then dismissed the case "without addressing the constitutional issues and the plaintiff's rights."  Id. at ¶¶ 29-30.

Claim Four alleges that the County of Orange Defendants violated the "constitutional supremacy law, specifically Article Six Section Two" by failing to "consider the federal constitutional questions that were presented for adjudication."  Id. at ¶ 31.

Claim Five alleges that the County of Orange Defendants deprived the plaintiff of his right to due process "under amendments nine and fourteen" because the court entered "a prejudicial order"; "ignored the central constitutional questions"; denied his motion to vacate; and removed his right to appeal.  Id. at ¶ 33.

Claim Six alleges that the County of Orange Defendants "denied the plaintiffs' [sic] constitutional rights to due process of law to petition for redress as secured by the ninth and fourteenth amendments of the U.S. Constitution by dismissing [his] court case against [the credit unition], with prejudice but without deciding the trial issues."  Id. at ¶ 34.

The plaintiff seeks "direct" compensatory damages in the amount of $8,301.00; additional compensatory damages of $441,850.00 for "psychological suffering, mental anguish, stress and emotional suffering"; special damages for "privacy violation"; and punitive damages in the amount of 7% of the gross annual income of each defendant.  Id. at ¶ 36.

### III.  ANALYSIS

The County of Orange Defendants move to dismiss the claims against them on several grounds, including lack of personal jurisdiction.  Where a defendant seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  The plaintiff need only make a prima facie showing of facts, however, by affidavit or other evidence, which if true would support the exercise of personal jurisdiction.  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).

In a federal question case, as here, the proper analysis to determine personal jurisdiction has been summarized as follows:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

Peay v. Bellsouth Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, the plaintiff asserts constitutional claims against the defendants pursuant to 42 U.S.C. § 1983.  Section 1983 does not provide for nationwide service of process.  McChan v. Perry, 229 F.3d 1164, 2000 WL 1234844 (10th Cir. 2000).

When federal legislation does not provide for nationwide service of process, the defendant must be shown to be amenable to service of process under the laws of the state where the district court sits.  Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, section 13-1-124, C.R.S., and due process of law have been satisfied.  Doe v. National Medical Servs., 748 F. Supp. 793, 795 (D. Colo. 1990); D & D Fuller CATV Constr., Inc. v. Pace, 780 P.2d 520, 523 (Colo. 1989).  The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law.  Waterval v. District Court, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960 (1981).  Consequently, because the long-arm statute imposes no greater limitations than federal due process, I proceed directly to the constitutional analysis.  See OMI Holdings, 149 F.3d at 1090, citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op., 17 F.3d 1302, 1305 (10th Cir. 1994).

In federal question cases, the personal jurisdiction requirements flow from the due process clause of the Fifth Amendment, Peay, 205 F.3d at 1211, which are the same as those in a Fourteenth Amendment analysis.  Id.  The focus is on protecting an individual's liberty interest

in not being subject to "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quotations and citation omitted). Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum." Peay, 205 F.3d at 1211.

To satisfy due process, minimum contacts must exist between the defendant and the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state. OMI Holdings, 149 F.3d at 1091. Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999). If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. Id.

The plaintiff argues that the County of Orange Defendants are subject to personal jurisdiction because "[u]nder the effects doctrine the County's purposefully directed activities through its participation in the statewide California Court Ordered Debt Collections Program

renders it amenable to this courts personal jurisdiction by causing sufficient harm to the Plaintiff in Colorado." *Plaintiff's Response to Defendants County of Orange - California, Board of Supervisors, et. al., Motion to Dismiss Plaintiff's First Amended Complaint, etc.* [Doc. #66] (the "Response"), p. 2, ¶ 2.  See also ¶ 17.  The plaintiff cites Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998), in support of his argument.  In Toeppen, the Ninth Circuit Court of Appeals described "the effects doctrine" as follows:

> In tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.1995); see Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (establishing an "effects test" for intentional action aimed at the forum state). Under Calder, personal jurisdiction can be based upon: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered-and which the defendant knows is likely to be suffered-in the forum state." Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9th Cir.1993).

Id.

Although the plaintiff alleges that he has felt in Colorado the effects of the defendants' actions, it is undisputed that his claims against the County of Orange Defendants arise from a lawsuit that he initiated in the State of California.  He provides no argument or evidence that the defendants expressly directed any actions, tortious or otherwise, at Colorado.

The plaintiff next argues that the County of Orange Defendants are subject to personal jurisdiction because they voluntarily appeared in this action. *Response*, ¶ 3.  It appears that the plaintiff is arguing that the County of Orange Defendants are subject to personal jurisdiction because they filed a motion to dismiss.  However, under the Federal Rules of Civil Procedure,

6

objections to personal jurisdiction must be asserted in the defendant's pre-answer motion or the defense is waived. Fed. R. Civ. P. 12(h).

Finally, the plaintiff "relies on his previous arguments with respect to personal jurisdiction over the County Defendants" as found in his response [Doc. #26] to the court's order to show cause. *Response*, ¶ 5 and footnote 4. The plaintiff's response to the show cause order is filled with statements of law and conclusory allegations; it does not contain any allegations specific to the County of Orange Defendants, nor does it contain any evidence to make a prima facie showing of personal jurisdiction over these defendants.

"The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989). Based on the record before me, the plaintiff has failed to offer any evidence whatsoever to make a prima facie showing that the County of Orange Defendants are subject to the jurisdiction of this Court. As a result, I find that this Court has no personal jurisdiction over the County of Orange Defendants. Because I find that this Court does not have personal jurisdiction over these defendants, I do not address their remaining arguments.

## IV. CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that all claims against defendants County of Orange - California, Board of Supervisors; Thomas G Mauk, CEO - County of Orange, California; John M. W. Moorlach; Patricia C. Bates; Janet Nguyen; Bill Campbell; and Chris Norby be DISMISSED for lack of personal jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 14, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge