IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Credit Union Defendants' Motion to Dismiss Plaintiff's Amended Complaint** [Doc. #46, filed 02/02/2009] (the "Motion") brought by SchoolsFirst Federal Credit Union and its employees, Lisa Mitchell and Fabiola Guillen (collectively referred to as the "Credit Union Defendants"). I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). A party is deemed to have been given a reasonable opportunity to respond if the party does not attempt to exclude the supporting documents, but files its own evidence in response. <u>Lamb v. Rizzo</u>, 391 F.3d 1133, 1136-37, n.3 (10th Cir. 2004); <u>Nichols v. United States</u>, 796 F.2d 361, 364 (10th Cir.1986).

In support of their res judicata defense, the defendants attached exhibits and affidavits to their Motion. The plaintiff did not object to the defendants' exhibits, and he attached his own exhibits to his response to the Motion. *Plaintiff's Response to Schools First Federal Credit Union Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)* (the "Response"), p. 14. I find that the parties have been given reasonable notice and opportunity to brief the res judicata issue as a Rule 56 motion for summary judgment. I will consider the exhibits and the affidavits in my determination of this issue.

## II. BACKGROUND

The plaintiff filed his Amended Complaint on July 29, 2008 [Doc. #25] (the "Amended Complaint"). The Amended Complaint contains the following allegations:

1. The plaintiff is a resident of Colorado. *Amended Complaint*, ¶ 1.

2. In 2004, the plaintiff established and maintained a personal credit union savings account in California. Id. at ¶¶ 12, 25.

3. In September 2007, funds in the amount of $801.00 were unlawfully seized from the plaintiff's credit union account. Id. at ¶¶ 25, 26.

4. On September 10, 2007, the plaintiff filed suit in Orange County, California, to prohibit the unlawful seizure of his money. Id. at ¶ 30.

5. The court dismissed the case without addressing the constitutional issues and the plaintiff's rights. Id.

The Amended Complaint asserts seven claims for relief against twenty-two defendants.[1] Claims One, Two, and Seven are asserted against the Credit Union Defendants. Claim One alleges that the defendants violated the "Information Privacy Act of 1977";[2] "5 U.S.C. § 552a (1974)"; and the Bank Secrecy Act, 31 U.S.C. § 5318, by obtaining and/or disclosing the plaintiff's personal information over a period of twelve years. Id. at ¶¶ 26-27. The defendants' actions included the monitoring and disclosing of the plaintiff's private financial information

---

[1] To the extent the plaintiff attempts to assert additional claims in his response to the Motion, I will not address claims raised for the first time in a brief opposing a dispositive motion. The plaintiff has filed two motions to amend his Amended Complaint [Docs. #55 and #59]. He has also submitted a proposed second amended complaint [Doc. #67]. The plaintiff's motions to amend do not affect my analysis of the Credit Union Defendants' Motion, and they will be addressed in a separate recommendation.

[2] The United States Code contains the Privacy Act of 1974, 5 U.S.C. § 552a, and the California Civil Code contains the Information Practices Act of 1977, West's Ann.Cal.Civ.Code § 1798 *et seq.*, but my research has not revealed the existence of an "Information Privacy Act of 1977."

3

without notice to the plaintiff, which resulted in the illegal seizure of $801.00 from his account "to satisfy an unproven, alleged debt." Id. at ¶ 26.

Claim Two alleges that the Credit Union Defendants violated the Fourth Amendment of the United States Constitution "and California and Colorado Law" when they illegally caused the seizure of his funds without notice and a court order. Id. at ¶ 28.

Claim Seven alleges that the Credit Union Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-p, by participating in the collection of an unsubstantiated debt without providing notice to the plaintiff. Id. at ¶ 35.

The plaintiff seeks "direct" compensatory damages in the amount of $8,301.00; additional compensatory damages of $441,850.00 for "psychological suffering, mental anguish, stress and emotional suffering"; special damages for "privacy violation"; statutory damages and punitive damages in the amount of $1,375,000.00 for violating the Fair Debt Collection Practices Act; and punitive damages in the amount of 7% of the gross annual income of each defendant. Id. at ¶ 36.

### III. ANALYSIS

The Credit Union Defendants argue that the plaintiff's claims against them are barred by the doctrine of res judicata.[3]  "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984).

---

[3]The plaintiff argues that although the defendants seek dismissal under the doctrine of res judicata (or claim preclusion), they are actually asserting a defense of collateral estoppel (or issue preclusion). The plaintiff's argument is illogical and unsupported by legal authority.

It is well-established under California law that "the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." Pitzen v. Superior Court, 16 Cal.Rptr.3d 628, 633 (Cal. App. 4 Dist. 2004). "Under California law, res judicata bars a second lawsuit if: (1) there was a final judgment on the merits in the earlier proceeding; (2) the claims were litigated and decided, or might have been litigated, in the earlier proceeding; and (3) the parties in the second action were parties or privies to the prior proceeding." Santos v. Todd Pacific Shipyards Corp., 585 F. Supp. 482, 484 (D.C. Cal. 1984) (citing Dakins v. Bd. of Pension Comm'rs, 184 Cal.Rptr. 576, 579 (1982)). In addition,

> [w]henever a judgment in one action is raised as a bar to a later action under the doctrine of res judicata, the key issue is whether the same cause of action is involved in both suits. California law approaches the issue by focusing on the "primary right" at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.
>
> A cause of action is based upon the nature of a plaintiff's injury. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong.
>
> If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised.

Eichman v. Fotomat Corp., 197 Cal.Rptr. 612, 614 (Cal. App. 4 Dist. 1983) (internal quotations and citations omitted).

The plaintiff concedes that the parties in this action were parties or privies to the previous action he brought in the California court. *Response*, p. 16, ¶ 20. Therefore, the third element for res judicata is met.

As to the second element, the following facts are undisputed:

1. The plaintiff opened an account with the SchoolsFirst Federal Credit Union[4] (the "Credit Union") in August 2004. In 2007, funds in the amount of $801.00 were withheld from the plaintiff's account. *Motion*, Ex. B, ¶ 4; *Amended Complaint*, ¶¶ 12, 25, 26.

2. The plaintiff brought an action in the small claims court in the County of Orange, California. Id. at Ex. B, ¶ 6; Ex. C. He sued both the California Franchise Tax Board and the Credit Union. Id. at Ex. C. He claimed that the California Franchise Tax Board ordered the Credit Union to withhold $801.00 as payment for an unproven debt. Id. at second consecutive page. He sought an order directing the Credit Union to release his funds, and he sought punitive damages in the amount of $6,000.00 "as fine in consequence for the improper procedure that has been followed as well as compensation for the mental stress, and suffering brought about by the traumatic effect that occurs to any individual that is informed that monies have been seized without prior notice." Id. at ninth consecutive page.

3. A trial was held on November 5, 2007. Id. at Ex. B, ¶ 6; Ex. D. On November 14, 2007, the small claims court ordered that the Credit Union be dismissed with prejudice. Id. at Ex. D.

---

[4]SchoolsFirst Federal Credit Union was formerly known as the Orange County Teachers Federal Credit Union. *Motion*, Ex. A, ¶ 3.

      4.   The plaintiff filed a motion to vacate the judgment. Id. at Ex. E, third through ninth consecutive pages. He stated that at trial, he argued that his financial assets were protected by the Fourth Amendment and that both defendants violated his Fourth Amendment rights. Id. at fourth and sixth consecutive pages. He further argued that "the central issue for the trial court to decide was whether **either** of the Defendants had the right to seize his personal financial assets without first notifying him." Id. at fifth consecutive page (emphasis in original). He complained that the judge failed to consider his constitutional arguments. Id. at fourth consecutive page.

      5.   The court denied his motion to vacate on January 23, 2008. Id. at Ex. F.

The undisputed facts demonstrate that the primary right at issue in the small claims court is the same primary right at issue in this case. The injury to the plaintiff in both cases is the seizure of $801.00 from the Credit Union.[5] The Credit Union is accused of the same wrong: its participation in the seizure of the money. The fact that the plaintiff brings additional theories of recovery in this case does not alter the fact that the same primary right is at stake in both lawsuits. Eichman, 197 Cal.Rptr. at 614. The second element for res judicata is met.

The small claims court stated that it "fully considered the arguments of all parties, both written and oral, as well as the evidence presented," and it dismissed the claim against the Credit Union with prejudice. This is a final judgment on the merits because a plaintiff in small claims court does not have the right to appeal the judgment on his claims. Cal. Code Civ. Proc. § 116.710(a). See also Johnson v. County of Fresno, 4 Cal.Rptr.3d 475, 481 (Cal. App. 4 Dist.

---

[5]The plaintiff argues that this action involves a different injury than the injury asserted in the small claims court because in this action he is not only claiming harm from the seizure of his funds, he is also claiming harm from the "absence of fair judicial review" by the small claims court. *Response*, ¶ 19. However, as to defendant Credit Union, his injury in the small claims court and this court is the same: the unlawful seizure of his money.

2003) (stating that "[a] dismissal with prejudice bars a subsequent action on the same claim between the parties and their privies. And a consequent judgment of dismissal is a final judgment on the merits, entitled to *res judicata* effect."). Therefore, the first element for res judicata is met.

The undisputed facts demonstrate that under California law, the plaintiff's claims against the Credit Union are barred by the doctrine of res judicata. Citing Kremer v. Chemical Const. Corp., 456 U.S. 461, 482 (1982), the plaintiff argues that this court may still "void or set aside" the decision of the small claims court because he was deprived of a "full and fair opportunity to litigate" his claims. *Response*, p. 24. In Kremer, the Court stated:

> [T]hough the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.
>
> The State must, however, satisfy the applicable requirements of the Due Process Clause. A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment.

Id. (internal quotations and citations omitted).

"[S]tate proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." Id. at 481. "[N]o single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." Id. at 483.

The record establishes that the plaintiff was afforded a trial where he was able to submit written and oral argument and evidence, *Motion*, Exs. C, D, and E, and that the judge fully

considered the written and oral arguments of all the parties. Id. at Ex. D. The plaintiff has not produced any evidence to create a material fact dispute regarding a lack of process in the small claims court; he provides only unsupported and conclusory allegations that he was denied a full and fair opportunity to litigate his claims.

## IV. CONCLUSION

I respectfully RECOMMEND that the Credit Union Defendants' Motion to Dismiss Plaintiff's Amended Complaint be GRANTED and that the claims against them be DISMISSED WITH PREJUDICE as barred by the doctrine of res judicata.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 16, 2009.

                                      BY THE COURT:

                                      _s/ Boyd N. Boland_
                                      United States Magistrate Judge