IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant AllianceOne Receivables Management's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [Doc. #39, filed 01/28/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Amended Complaint on July 29, 2008 [Doc. #25] (the "Amended Complaint").[1]  The Amended Complaint contains the following allegations:

1.  The plaintiff is a resident of Colorado. *Amended Complaint*, ¶ 1.

2.  In 2004, the plaintiff established and maintained a personal credit union savings account in California. Id. at ¶¶ 12, 25.

3.  In September 2007, funds in the amount of $801.00 were unlawfully seized from the plaintiff's credit union account. Id. at ¶¶ 25, 26.

4.  On September 10, 2007, the plaintiff filed suit in Orange County, California, to prohibit the unlawful seizure of his money. Id. at ¶ 30.

5.  The court dismissed the case without addressing the constitutional issues and the plaintiff's rights. Id.

---

[1]Both parties repeatedly refer to the initial Complaint in their briefs. "[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect." Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotations omitted). Therefore, I do not look to the initial Complaint in my analysis of the defendant's Motion.

The Amended Complaint asserts seven claims for relief against twenty-two defendants.[2] Claims One, Two, and Seven are asserted against AllianceOne Receivables Management, Inc. ("AllianceOne"). Claim One alleges that AllianceOne violated the "Information Privacy Act of 1977";[3] "5 U.S.C. § 552a (1974)"; and the Bank Secrecy Act, 31 U.S.C. § 5318. Id. at ¶¶ 26-27. Claim Two alleges that AllianceOne violated the Fourth Amendment of the United States Constitution "and California and Colorado Law" when it illegally caused the seizure of his funds without notice and a court order. Id. at ¶ 28. Claim Seven alleges that AllianceOne violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-p, by participating in the collection of an unsubstantiated debt without providing notice to the plaintiff. Id. at ¶ 35.

The plaintiff seeks "direct" compensatory damages in the amount of $8,301.00; additional compensatory damages of $441,850.00 for "psychological suffering, mental anguish, stress and emotional suffering"; special damages for "privacy violation"; statutory damages and punitive damages in the amount of $1,375,000.00 for violating the Fair Debt Collection Practices Act; and punitive damages in the amount of 7% of the gross annual income of each defendant. Id. at ¶ 36.

---

[2]To the extent the plaintiff attempts to assert additional claims in his response to the Motion, I will not address claims raised for the first time in a brief opposing a dispositive motion. The plaintiff has filed two motions to amend his Amended Complaint [Docs. #55 and #59]. He has also submitted a proposed second amended complaint [Doc. #67]. The plaintiff's motions to amend do not affect my analysis of the Credit Union Defendants' Motion, and they will be addressed in a separate recommendation.

[3]The United States Code contains the Privacy Act of 1974, 5 U.S.C. § 552a, and the California Civil Code contains the Information Practices Act of 1977, West's Ann.Cal.Civ.Code § 1798 et seq., but my research has not revealed the existence of an "Information Privacy Act of 1977."

### III.  ANALYSIS

### 1.  Claim One

Claim One alleges that the defendant violated the "Information Privacy Act of 1977"; "5 U.S.C. § 552a (1974)"; and the Bank Secrecy Act, 31 U.S.C. § 5318, by obtaining and/or disclosing the plaintiff's personal information over a period of twelve years.  Id. at ¶¶ 26-27.  The defendant's actions included the monitoring and disclosing of the plaintiff's private financial information without notice to the plaintiff, which resulted in the illegal seizure of $801.00 from his account "to satisfy an unproven, alleged debt." Id. at ¶ 26.

As noted above, there is no Information Privacy Act of 1977.  I construe Claim One as asserting claims under the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a, and the Bank Secrecy Act, 31 U.S.C. § 5318.[4]

The defendant seeks dismissal of the Privacy Act claim because it applies only to federal agencies.  *Motion*, p. 6.  "The private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government.  The civil remedy provisions of the statute do not apply against private individuals; state agencies; private entities; or state and local officials." Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985); 5 U.S.C. § 552a(a)(1).  Indeed, Congress passed the Privacy Act to "protect the privacy of individuals identified in information systems maintained by federal agencies" and to "regulate the collection , maintenance, use, and dissemination of information by such agencies."  Pub.L. No. 93-579, 88 Stat. 1896, 5 U.S.C. § 552a.

---

[4]This construction is consistent with the plaintiff's motion to amend Claim One to add violations of the California Civil Code §§ 1798.1 - 1798.78.  *Motion to Amend Complaint . . .* [Doc. #59], ¶ 3.

The plaintiff does not allege that AllianceOne is a federal agency; he alleges that AllianceOne is a collection agency located in California. *Amended Complaint*, ¶ 10. Moreover, the plaintiff does not argue that AllianceOne is a federal agency. Instead, he ineffectually argues that the Privacy Act of 1974 applies to non-federal agencies. *Plaintiff's Objection to AllianceOne Receivables Management's Motion to Dismiss - Fed.R.Civ.P. 12(b)(6)* [Doc. #54] (the "Response"), p. 12.

The defendant asserts that the plaintiff has failed to allege any set of facts which would render it liable under the Bank Secrecy Act. *Motion*, p. 6. I need not address this argument because the Bank Secrecy Act does not provide the plaintiff with a private cause of action. E.g., Amsouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004); James v. Heritage Valley Fed. Credit Union, 197 Fed.Appx. 102, 2006 WL 2583041 (3d Cir. Sept. 8, 2006).

### B.  Claim Two

Claim Two alleges that AllianceOne violated the Fourth Amendment of the United States Constitution "and California and Colorado Law" when it illegally caused the seizure of his funds without notice and a court order. *Amended Complaint*, ¶ 28. The defendant argues that Claim Two is not a valid cause of action because "[i]t is an evidentiary rule used mainly for the exclusion of evidence in the context of criminal proceedings" and the plaintiff "fails to establish any facts which could support Plaintiff's unlawful seizure claim against AllianceOne." *Motion*, p. 7.

The Fourth Amendment protects the right of citizens to "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment's protection applies in the civil context. Soldal v. Cook County, Ill.,

506 U.S. 56, 66-67 (1992) (holding that plaintiffs stated cause of action pursuant to 42 U.S.C. § 1981 for violation of Fourth Amendment rights). "[S]eizures of property are subject to Fourth Amendment scrutiny even though no search within the meaning of the Amendment has taken place." Id. at 68.

The plaintiff describes his claim as follows:

> Violation of Privacy Law is a primary basis for the Plaintiff's allegations against the defendants in this case. If they didn't know about the Plaintiff's credit union account, they couldn't have seized the Plaintiff's funds. The question is how did they learn about a credit union account that wasn't even established until eight years after the alleged event that formed the basis for the seizure? And then within that three year period, without any notification to the Plaintiff, they seized money from that same account? At some point in time between August 2003 and August 2007, the defendants obtained information about the Plaintiff and/or his credit union account without notifying him. That violates privacy laws. The credit union account is a private account and the information about it is private. The plaintiff had a reasonable expectation that the account information was confidential, private, and protected information or in the alternate to be informed where inquiries were made about it.

*Response*, ¶ 14.

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 limits liability to the actions of the government and its agents. Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1446-47 (10th Cir. 1995). Claim Two does not

contain any allegations to support a reasonable inference that AllianceOne is a state actor. Even if I were to assume that AllianceOne is a state actor and is liable under section 1983, the plaintiff's account is not a "private account" and the fact of its existence is not protected by the Fourth Amendment. United States v. Miller, 425 U.S. 435, 443, (1976) (holding that a bank customer has no Fourth Amendment interest in copies of checks and other records retained by the bank because "[t]he depositor takes the risk, in revealing his affairs to [the bank]" that the information will be conveyed to another).

### Claim Seven

Claim Seven alleges that AllianceOne violated the FDCPA by participating in the collection of an unsubstantiated debt without providing notice to the plaintiff. *Amended Complaint*, ¶ 35. Claim Seven further alleges that the plaintiff is entitled to "verification of the alleged debt, and how the amount was arrived at" but "nothing was ever provided to the plaintiff until after his money was seized and then only in the form of unproven allegations about an alleged traffic citation." Id.

The defendant argues that the alleged "debt" in this case does not fall within the definition of "debt" as provided by the FDCPA. *Motion*, pp. 3-5. The defendant asserts that the plaintiff's alleged debt is for unpaid court fines incurred in the San Diego Superior Court. Id. at p. 4. The defendant attaches to the Motion a copy of a Notice to Appear for traffic violations issued by the San Diego County Sheriff's Department. The Notice to Appear is numbered 334031.

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the

pleadings are presented and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). A party is deemed to have been given a reasonable opportunity to respond if the party does not attempt to exclude the supporting documents, but files its own evidence in response. Lamb v. Rizzo, 391 F.3d 1133, 1136-37, n.3 (10th Cir. 2004); Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986).

Here, although the plaintiff objects to the inclusion of the Notice to Appear, *Plaintiff Motion in Limine - Objection to Evidence* [Doc. #51], he attaches to his Response another copy of the Notice to Appear and several other exhibits in support of Claim Seven.[5] I find that the parties have been given reasonable notice and opportunity to brief the FDCPA claim as a Rule 56 motion for summary judgment. I will consider the exhibits in my determination of this issue.

The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Here, the plaintiff alleges that after his money was seized, he was told that the debt was based on an alleged traffic citation. *Amended Complaint*, ¶ 35. The plaintiff states:

> AllianceOne is a collection agency contracted by the State of California and authorized to collect outstanding Court-Ordered Debts for the Superior Court(s) of California, County of San Diego. AllianceOne's business focus is debt collections. AllianceOne is designated as the point of contact for Defendant California Franchise Tax Board's Court-Ordered Debt Collection activities . . . .

---

[5]The plaintiff's objections to the inclusion of the Notice to Appear are addressed in a separate order. I note, however, that he does not object to the authenticity of the Notice to Appear; he objects to it as irrelevant and prejudicial.

*Response*, ¶ 3.

The plaintiff attaches to his Response a copy of an Order to Withhold issued to the credit union by the California Franchise Tax Board.  The Order to Withhold directs the credit union to withhold $801.00 from the plaintiff's account for a "delinquent court-ordered debt" in San Diego County Case Number 334031.  Claim Seven alleges that AllianceOne violated the FDCPA by participating in the collection of this debt without providing notice to the plaintiff.

The debt at issue in this claim is the $801.00 amount due from county case number 334031.  The debt is not a "debt" within the meaning of the FDCPA because it does not arise out of a transaction for personal, family, or household purposes.  Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997) (stating that "the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services"); Cook v. Hamrick, 276 F.Supp.2d 1202, 1205 (D.Colo. 2003) (stating that "[w]hen an obligation to pay is created by something other than a consumer transaction, the obligation is not a 'debt' as defined by the FDCPA").  See also *Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50097, 50101 (Dec. 13, 1988) (opining that certain categories of obligations are excluded from the definition of debt, including unpaid fines).  Therefore, the plaintiff's FDCPA must fail.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant AllianceOne Receivables Management's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 23, 2009.

                                                BY THE COURT:

                                                s/ Boyd N. Boland  
                                                United States Magistrate Judge