IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

Defendants.

_____

**ORDER**
_____

This matter is before me on **Plaintiff Motion in Limine - Objection to Evidence** [Doc. # 51, filed 02/10/2009] (the "Motion"). The Motion is DENIED.

On January 28, 2009, defendant AllianceOne Receivables Management, Inc. ("AllianceOne") filed a motion to dismiss the plaintiff's Amended Complaint. *Defendant AllianceOne Receivables Management's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)* [Doc. #39] (the "Motion to Dismiss"). AllianceOne attached to its Motion to Dismiss a copy of a Notice to Appear for traffic violations issued by the San Diego County Sheriff's Department (the "Ticket"). The plaintiff requests that the court enter an order "removing the ticket from admission and strike any irrelevant reference to this evidence from the record." *Motion*, ¶ 4. The plaintiff argues that the Ticket is irrelevant and highly

prejudicial. Id. at ¶ 1.  I construe the Motion as a motion to strike defendant AllianceOne's exhibit.[1]

The Federal Rules of Evidence provide that "[a]ll relevant evidence is admissible." Fed.R.Evid. 402.  Relevant evidence is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  However, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  Fed.R.Evid. 403.

The plaintiff alleges that in September 2007, funds in the amount of $801.00 were unlawfully seized from his credit union account.  *Amended Complaint*, ¶¶ 25, 26.  After the seizure, he was told that the debt was based on an alleged traffic citation.  Id. at ¶ 35. AllianceOne attached a copy of the Ticket to its Motion to Dismiss.  The Ticket is numbered 334031.  The plaintiff attached to his response a copy of an Order to Withhold issued by the California Franchise Tax Board to the credit union.  *Plaintiff's Objection to AllianceOne Receivables Management's Motion to Dismiss - Fed.R.Civ.P. 12(b)(6)* [Doc. #54] (the "Response").  The Order to Withhold directs the credit union to withhold $801.00 from the plaintiff's account for a "delinquent court-ordered debt" in San Diego County Case Number 334031.

The plaintiff states that defendant "AllianceOne is a collection agency contracted by the State of California and authorized to collect outstanding Court-Ordered Debts for the Superior

---

[1] A motion in limine is a mechanism by which a party may raise pretrial evidentiary issues.  This case has not been set for trial, and a motion in limine is not appropriate at this time.

Court(s) of California, County of San Diego." *Response*, ¶ 3. In Claim Seven of the Amended Complaint, the plaintiff alleges that AllianceOne violated the Fair Debt Collection Practices Act ("FDCPA") by participating in the collection of the $801.00 without providing notice to the plaintiff. AllianceOne moved to dismiss Claim Seven on the basis that an unpaid court fine is not a debt within the meaning of the FDCPA. *Motion*, pp. 3-5. Therefore, the Ticket is not only relevant to Claim Seven, it is central to AllianceOne's defense.

The plaintiff claims that admission of the Ticket would be highly prejudicial because it "tends to create a false perception of guilt that casts a prejudicial shadow over the credibility of the Plaintiff's Complaint" and "places an unfair burden upon the plaintiff of unnecessarily having to prove innocence against alleged charges . . . ." *Motion*, ¶ 3. The plaintiff's fears are misdirected. Resolution of Claim Seven does not entail proof of innocence of the charges underlying the Ticket; it merely entails an understanding of the nature of the debt underlying the claim, regardless of whether the debt is valid.

I find that the Ticket is relevant to the issues presented in Claim Seven of the Amended Complaint and that its admission is not unfairly prejudicial to the plaintiff.

IT IS ORDERED that the Motion is DENIED.

Dated September 24, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge