IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX

     Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

     Defendants.

_____

## ORDER
_____

This matter is before the Court on defendants County of Orange - California, Board of Supervisors; Thomas G. Mauk, CEO - County of Orange, California; John M. W. Moorlach; Patricia C. Bates; Janet Nguyen; Bill Campbell; and Chris Norby's Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 43], and the Recommendation of United States Magistrate Judge ("Recommendation") [Docket No. 80].  Plaintiff Jeffrey D. Fox filed a timely objection to the Recommendation ("Objection") [Docket No. 86].

**I.  Standard of Review**

Because Mr. Fox is proceeding *pro se*, the Court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*.  Fed. R. Civ. P. 72(b).  In this case, I have applied a *de novo* review to each part of the Recommendation.

## II. Background

Plaintiff filed his Amended Complaint [Docket No. 25] on July 29, 2008.  The Amended Complaint asserts four claims (claims Three, Four, Five, and Six) against defendants County of Orange - California, Board of Supervisors; Thomas G. Mauk, CEO - County of Orange, California; John M.W. Moorlach; Patricia C. Bates; Janet Nguyen; Bill Campbell; and Chris Norby (collectively referred to as the "Orange County defendants").  These claims arise out of Mr. Fox's allegation that $801 he had in a credit union savings account in California was seized in September 2007. He filed a small claims action in the Superior Court of Orange County, California on September 10, 2007 regarding this alleged seizure.  Mr. Fox alleges that the court dismissed this suit without addressing his constitutional claims.  He claims that he was a Colorado resident at the time.  Additional background facts are found in the Recommendation at 2-3.

The Orange County defendants' motion to dismiss was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636(b).  The Orange County defendants' motion to dismiss is based on the *Rooker-Feldman* doctrine, lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), lack of proper venue, and failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The Recommendation, however, was based only on lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Therefore, the Court will limit its review to the issue of whether the Orange County defendants' motion to dismiss should be granted for lack of personal jurisdiction over them.

2

### III.  Analysis

It is the plaintiff's burden to establish a court's personal jurisdiction over a

defendant.  *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th

Cir. 2008).  After summarizing the applicable law on personal jurisdiction and noting

plaintiff's duty to support the jurisdictional allegations by competent proof of the

supporting facts if the jurisdictional allegations are challenged, *Pytlik v. Prof.*

*Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989), the Recommendation

concludes that "plaintiff has failed to offer any evidence whatsoever to make a prima

facie showing that the County of Orange Defendants are subject to the jurisdiction of

this Court."  Recommendation at 7.

The Amended Complaint makes the following personal jurisdiction allegations:

> (a) "Specific personal jurisdiction is proper under Colorado State
> long-arm statute."  Am. Complt. ¶ 24(a).
>
> (b) "The nonresident defendants have engaged in conduct that
> under Colorado statute subjects them to the personal jurisdiction of
> the district court."  Am. Complt. ¶ 24(d).
>
> (c) "Tortious conduct by the defendants constituting cause and
> injury do not have to occur within the State of Colorado in order to
> satisfy the statutory standard for asserting long-arm jurisdiction."
> Am. Complt. ¶ 24(e).
>
> (d) "Three criteria, all of which apply in this case, render the
> defendants amenable to suit in Colorado."
>
>> 1. "Whether the defendants purposefully avail themselves of
>> the privilege of 'causing important consequences' in the
>> forum;
>>
>> 2.  Whether the plaintiff's claim for relief arises from the
>> defendants' conduct;

3

> 3.  Whether the defendants' activities have substantial enough connection with the forum to make reasonable the exercise of long-arm jurisdiction."  Am. Complt. ¶ 24(f).

These allegations take the form of legal propositions and assertions and cite to Colorado case law.  The Amended Complaint does not contain any factual allegations regarding effects that the Orange County defendants have caused in Colorado or regarding purposeful actions directed to residents of Colorado.

Plaintiff has attached various pleadings from his Orange County Superior Court case and various California statutory material.  Neither he nor the Orange County defendants have attached any affidavits to their briefs regarding personal jurisdiction.  Therefore, at this stage of the litigation, plaintiff needs to make only a prima facie showing of personal jurisdiction.  *Dudnikov*, 514 F.3d at 1070.  The Court will accept as true all well-pled facts in the Amended Complaint.  Facts are well-pled if they are plausible, non-conclusory, and non-speculative.  *Id.*, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In his Objection, Mr. Fox primarily bases his claim that personal jurisdiction exists over the Orange County defendants on his argument that he has satisfied the "effects doctrine" concerning personal jurisdiction.  The "effects doctrine" or "effects test" is discussed in *Calder v. Jones*, 465 U.S. 783 (1984).  The Tenth Circuit has analyzed *Calder* under a test that is closely related to the "effects test" and which is applicable to this case, namely, the "purposeful direction" test.  *See Dudnikov*, 514 F.3d at 1071.  Under the purposeful direction test, the court asks whether the nonresident defendant purposefully directed its activities at the forum state.  *Id.*  The test ensures that "an out-

4

of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Mr. Fox's argument that this Court has personal jurisdiction over the Orange County defendants is that "the purpose of the C.O.D.C.P.[1] is a continuous and systematic program with an [intentionally directed] objective that [ultimately] was aimed at the Plaintiff in Colorado, and that the County Defendant's subscribe to it and directly participate in it." Objection at 4 (brackets in original). He further argues that the Orange County defendants "knew or should have known that citizens outside California would be, and will continue to be impacted by its activity . . . ." *Id.* at 4-5.

Mr. Fox's arguments are unavailing. First, none of his personal jurisdiction allegations in the Amended Complaint are well-pled. Instead, they are conclusory legal propositions that plaintiff has failed to support by pleading facts or by submitting evidence. Second, Mr. Fox has not made any allegations or submitted any evidence to make a prima facie showing that Colorado was the focal point of the harms that Mr. Fox alleges. *Dudnikov*, 514 F.3d at 1074 n.9 (noting that, under *Calder*, the forum state itself must be the "focal point of the tort"). The opposite conclusion arises from the Amended Complaint and Mr. Fox's briefs, namely, that Mr. Fox chose California – he opened a credit union account in California and later initiated a lawsuit in California. None of the Orange County defendants' activities appear to be purposefully directed at Colorado.

---

[1] California State-Wide Court Ordered Debt Collections Program. *See* Objection at 4.

Mr. Fox's argument that the Orange County defendants knew or should have known that citizens outside of California would be affected is not supported by any well-pled facts or evidence.  Under the facts in the Amended Complaint, even if the Orange County defendants had such foresight, that fact alone would not establish personal jurisdiction.  "[T]he mere foreseeability of causing an injury in the forum state is, standing alone, insufficient to warrant a state exercising its sovereignty over an out-of-state defendant."  *Dudnikov*, 514 F.3d at 1077.

In summary, the Orange County defendants' contacts with Colorado at best appear to be "random, fortuitous, or attenuated."  *Burger King*, 471 U.S. at 475.  The Court agrees with the Recommendation that Mr. Fox has failed to carry his burden to show personal jurisdiction over the Orange County defendants.  As a result, the Court accepts the magistrate judge's Recommendation that the Court grant the Orange County defendants' motion to dismiss.

Plaintiff requests that, if the Court finds no personal jurisdiction, the Court should transfer this case to another district where jurisdiction does apply.  Objection at 3.  The matter is not properly before the Court at this time.  *See* D.C.COLO.LCivR 7.1(C).  If plaintiff intends to move for transfer of venue under 28 U.S.C. § 1404, he must file such motion within ten days of the date of this order.

Wherefore, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 80] is ACCEPTED.  It is further

ORDERED that defendants County of Orange - California, Board of Supervisors; Thomas G. Mauk, CEO - County of Orange, California; John M. W. Moorlach;

Patricia C. Bates; Janet Nguyen; Bill Campbell; and Chris Norby's Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 43] is GRANTED and the movants are dismissed from this action without prejudice for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

DATED September 30, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge