IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX

    Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Credit Union Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [Docket No. 46] filed by defendants SchoolsFirst Federal Credit Union ("Credit Union") and employees Lisa Mitchell and Fabiola Guillen (collectively referred to as the "Credit Union defendants") and the Recommendation of United States Magistrate Judge ("Recommendation") [Docket No. 81]. Plaintiff Jeffrey D. Fox filed a timely objection to the Recommendation ("Objection") [Docket No. 85].

**I. Standard of Review**

Because Mr. Fox is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

**II. Background**

Plaintiff filed his Amended Complaint [Docket No. 25] on July 29, 2008. His claims arise out of the alleged seizure by the California Franchise Tax Board of $801 that plaintiff had in a savings account in the Orange County Teachers Federal Credit Union, now known as SchoolsFirst Federal Credit Union, in the State of California. Such funds were apparently subject to seizure based on an unpaid traffic ticket. The Credit Union received an "order to withhold" from the California Franchise Tax Board and so notified plaintiff. Mr. Fox filed a small claims action in the Superior Court of Orange County, California on September 10, 2007 against the Credit Union and the Franchise Tax Board regarding this alleged seizure. A trial to court was held on November 5, 2007. At trial, Mr. Fox asserted constitutional challenges to the conduct of the defendants. On November 14, 2007, the court dismissed the Credit Union with prejudice. Mr. Fox filed a motion to vacate, which the court denied on January 23, 2008. Additional background facts are found in the Recommendation at 1-4.

The Credit Union defendants' motion to dismiss was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636(b). The Credit Union defendants' motion to dismiss is based on res judicata arising from the small claims court judgment. Because the Credit Union defendants attached various exhibits and affidavits to their motion, the magistrate judge converted the motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to a summary judgment motion under Rule 56. No party has objected to considering the motion as one for summary judgment.

### III. Analysis

The Recommendation concludes that the small claims judgment in Orange County Superior Court meets the requirements for res judicata regarding Mr. Fox's claims against the Credit Union defendants in this case. The Court agrees.

Federal courts are required to give full faith and credit to state court judgments. 28 U.S.C. § 1738. As a result, a federal court must "give the same preclusive effect to a state court judgment that would be given in a state in which the judgment was rendered." *Heinold Hog Market, Inc. v. McCoy*, 817 F.2d 81, 82 (10th Cir. 1987). California law applies both claim preclusion and issue preclusion to judgments from small claims courts against a plaintiff. *Pitzen v. Superior Court*, 16 Cal. Rptr. 3d 628, 633 (Cal. App. 2004); *Greene v. Hayward*, No. 06-CV-0231, 2006 WL 1376879 at *4 (E.D. Cal. May 17, 2006). Moreover, as explained by the Recommendation, each of the requirements for res judicata under California law, *see Santos v. Todd Pac. Shipyards Corp.*, 585 F. Supp. 482, 484 (C.D. Cal. 1984), has been satisfied in this case. As a result, the Court must grant the Credit Union defendants' motion for summary judgment.

In his objection, plaintiff claims that he was not given a fair opportunity to litigate his constitutional claims. Objection at 6. However, as the magistrate judge noted, plaintiff has not identified any impediment that he experienced to making his constitutional arguments before the court. He also had the opportunity to ask the court to reconsider its judgment. Thus, plaintiff cannot complain that the court did not consider his constitutional arguments; rather, he complains that the court did not accept

them. Such arguments do not prevent the small claims judgment from precluding his claims here.

Plaintiff also argues that "where no appellate procedure is afforded a Small Claims Procedure, a full and fair judicial review is impossible, and where impossible, the verdict cannot be constitutionally sound." Objection at 4. However, the court in *Pitzen* considered this aspect of small claims court judgments, 16 Cal. Rptr. 3d at 635, but, when reviewing the entire statutory scheme for small claims, determined that "we can perceive of no rationale for refusing to afford collateral estoppel effect to claims litigated and decided *against* a small claims plaintiff. Fundamental fairness dictates that such a plaintiff, having chosen to litigate in an informal setting by bringing an action in small claims court, cannot cite the informality of that forum to gain a second chance to litigate a previously decided issue in a related matter." *Id.* at 637 (emphasis in original). The Court is required to give the small claims court judgment in the Orange County Superior Court matter "the same preclusive effect . . . that would be given in a state in which the judgment was rendered." *Heinold Hog Market*, 817 F.2d at 82. Moreover, plaintiff has not objected to the Recommendation's conclusion that the Orange County defendants were parties or in privity.

The Court accepts the Recommendation and adopts its reasoning, as supplemented by this order.

Wherefore, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 81] is ACCEPTED. It is further

ORDERED that the Credit Union Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 46], converted to a motion for summary judgment, is GRANTED.  It is further

ORDERED that the Clerk shall forthwith enter judgment in favor of defendants SchoolsFirst Federal Credit Union, Lisa Mitchell, and Fabiola Guillen and against plaintiff Jeffrey D. Fox.

DATED September 30, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge