IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX

    Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on several pending motions: plaintiff Jeffrey D. Fox's Motion to Amend Judgment [Docket No. 94] and Motion to Amend or Alter Court Order [Docket No. 95]; plaintiff's Motion to Amend Complaint [Docket No. 55] and "Motion to Amend Complaint (#4) (Rule 15(a)" [Docket No. 59] and a Recommendation of United States Magistrate Judge [Docket No. 84] recommending that Docket Nos. 55 and 59 be denied without prejudice; Defendant AllianceOne Receivables Management's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 39] and a Recommendation of United States Magistrate Judge [Docket No. 82] recommending that Docket No. 39 be granted; and plaintiff's "Objection to Magistrate Judge's Order (Doc # 83)" [Docket No. 90].

**A. Standard of Review**

Because plaintiff is proceeding *pro se*, the Court construes his pleadings

liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**B. Plaintiff's Motions to Amend Judgment**

By separate orders dated September 30, 2009, *see* Docket Nos. 87 and 88, the Court accepted the recommendations of the assigned United States Magistrate Judge and dismissed plaintiff's claims against two sets of defendants. In Docket No. 87, the Court dismissed plaintiff's claims against the Orange County defendants without prejudice for lack of personal jurisdiction over them. In Docket No. 88, the Court granted summary judgment for the Credit Union defendants and against plaintiff on res judicata grounds. Plaintiff has filed timely motions under Rule 59(e) of the Federal Rules of Civil Procedure to amend the judgments in both Docket Nos. 87 and 88. *See* Docket Nos. 94 and 95.

A Rule 59(e) motion to alter or amend the judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). The Court has reviewed plaintiff's legal arguments in both motions, which reveal no manifest errors of law. Plaintiff does not present any new evidence and therefore presents no reason to alter or amend the judgments for that reason. As a result, plaintiff's motions to amend judgment pursuant to Rule 59(e) will be denied.

**C. Plaintiff's Motions to Amend Complaint**

After filing his amended complaint, Mr. Fox filed a Motion to Amend Complaint [Docket No. 55] seeking leave to add as a defendant the Judicial Council of California. Mr. Fox alleges that he learned of this council through defendant County of Orange's motion to dismiss. Approximately ten days later, plaintiff filed his "Motion to Amend Complaint (#4) (Rule 15(a)" [Docket No. 59] seeking to supplement his allegations under his first and seventh claims for relief. The assigned United States Magistrate Judge recommended [Docket No. 84] that the Court deny these motions without prejudice pending the ruling of the Court on the Orange County and Credit Union defendants' motions to dismiss. Plaintiff filed a timely objection to the Recommendation.

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). The Court has applied a *de novo* review to each part of the Recommendation.

As mentioned above, the Court has dismissed the Orange County defendants and the Credit Union defendants from the case. The proposed amendments to the first and seventh claims for relief do not affect the grounds for dismissal of those defendants as to those claims. As a result, any amended complaint will be against fewer defendants. The Court therefore agrees with the magistrate judge that the plaintiff's motions to amend [Docket Nos. 55 and 59] will be denied without prejudice to plaintiff filing a new motion to amend and attaching a copy of the proposed amended complaint. In any such motion, plaintiff should address how the Court would have personal jurisdiction over the Judicial Council of California.

Plaintiff includes in his objection an objection to the involvement of a magistrate judge in this case. *See* Docket No. 92 at 1-2. This objection is rejected for several reasons. First, plaintiff did not object to the magistrate judge handling this matter during the course of the magistrate judge's consideration of the motions to amend. Instead, he only objected to the magistrate judge handling the issue after he received an adverse ruling. Second, even if plaintiff had made a timely objection, his objection would have had no basis. Plaintiff's motions to amend were referred to the assigned magistrate judge pursuant to Local Rule 72.1C and Rule 72 of the Federal Rules of Civil Procedure. As noted by the Tenth Circuit Court of Appeals in *Ramsey v. Peake*, No. 08-1202, 2009 WL 166488 at *2 (10th Cir. Jan. 26, 2009), Local Rule 72.1C properly implements 28 U.S.C. § 636(b)(1) and a plaintiff's consent is not required for such referral.

Plaintiff also moves in his objection for the Court to "schedule an appropriate hearing before a jury to decide the legal issues." *See* Docket No. 92 at 7. Plaintiff has no right to have a jury decide issues of law. Moreover, his motion is improperly included in another pleading in violation of Local Rule 7.1C. His motion for a jury hearing is therefore denied.

### D. AllianceOne's Motion to Dismiss

Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 39]. Plaintiff filed a response [Docket No. 54] and AllianceOne filed a reply [Docket No. 57]. The assigned magistrate judge filed a Recommendation of United

States Magistrate Judge [Docket No. 82] recommending that Docket No. 39 be granted. Plaintiff filed a timely objection to the Recommendation [Docket No. 91], to which AllianceOne responded [Docket No. 96]. The Court has applied a *de novo* review to each part of the Recommendation.

As to plaintiff's first claim for relief, the Recommendation properly concludes that plaintiff fails to state a claim under the Privacy Act, 5 U.S.C. § 552a, and the Bank Secrecy Act, 31 U.S.C. § 5318, because plaintiff does not allege that AllianceOne is a federal agency, which AllianceOne must be for such statutes to trigger liability to plaintiff. In fact, plaintiff's objection to the Recommendation specifically disclaims any allegation that AllianceOne is a federal agency: "Plaintiff doesn't attempt to argue that AllianceOne is a Federal Agency." Docket No. 91 at 3. Rather, plaintiff attempts to rely on the original complaint, as opposed to the amended complaint, and to argue that he has included a claim under Section 1798 of the California Information Practices Act of 1977, which incorporates certain portions of the Privacy Act. Docket No. 91 at 3-4. The Court agrees with the Recommendation that the plaintiff cannot look to the original complaint in order to state his claims, *see* Docket No. 82 at 2 n.1, since the amended complaint has superseded the complaint. However, plaintiff seeks to supplement his first claim by adding allegations under the Information Practices Act. *See* Motion to Amend Complaint (#4) (Rule 15(a) [Docket No. 59], at 2. The parties have not briefed the issue of whether plaintiff is able to state a claim under the Information Practices Act. As a result, the Court will take AllianceOne's motion to dismiss as to the first claim under advisement until such time as plaintiff is allowed to file a second amended complaint that supplements such claim.

As to plaintiff's second claim for relief, the Court agrees with the Recommendation that plaintiff has failed to state a claim. As noted by the magistrate judge, "Claim Two does not contain any allegations to support a reasonable inference that AllianceOne is a state actor." Recommendation at 6-7. In his objection, plaintiff asserts that AllianceOne is both a "person" and a state actor, Docket No. 91 at 6, but cites nothing in the amended complaint and no facts of any sort that would support the conclusion that AllianceOne is a state actor or that he has a cause of action against AllianceOne for violation of a "privacy" right under the Fourth Amendment. Accordingly, the Court will dismiss plaintiff's second claim for relief as to AllianceOne.

Concerning plaintiff's seventh claim for relief, the Court agrees with the Recommendation that the Court should treat AllianceOne's motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 in order to consider the exhibits that the parties have attached to their pleadings. The Court further agrees with the Recommendation that the seventh claim fails to state a cause of action because the debt at issue is based on a parking fine and therefore is not a "debt" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a. No argument in plaintiff's objections refutes this fundamental point. Thus, plaintiff's seventh claim for relief will be dismissed as to AllianceOne.

**E.  Plaintiff's Objection to Magistrate Judge's Order re Motion in Limine**

Plaintiff filed a Motion in Limine – Objection to Evidence [Docket No. 51] wherein he sought to strike the traffic ticket attached to AllianceOne's motion to dismiss [Docket No. 39] as being irrelevant. AllianceOne filed a response to this motion [Docket

No. 58], and plaintiff filed a reply [Docket No. 63]. The magistrate judge issued an Order [Docket No. 83] denying the motion on the grounds that the traffic ticket attached to the motion to dismiss was relevant under Federal Rule of Evidence 402 because it shows the nature of the debt at issue in this case. *See* Order at 2-3. Plaintiff filed a timely objection to the Order [Docket No. 90]. Because the Order pertains to evidence submitted in support of AllianceOne's motion to dismiss, which is a dispositive order, the Court will review the objection *de novo* pursuant to Federal Rule of Civil Procedure 72(b).

Plaintiff's objection provides no reason to undermine the magistrate judge's conclusion that, because the Order to Withhold issued by the California Franchise Tax Board references the traffic ticket, the traffic ticket is relevant to characterizing the nature of the debt pursuant to plaintiff's seventh claim under the Fair Debt Collection Practices Act. Thus, while the ticket may not be relevant to all claims that plaintiff brings against AllianceOne, it is relevant to at least one claim. The Court also finds plaintiff's supplemental submission unpersuasive. *See* Docket No. 98. As the plaintiff acknowledges in his objection, Docket No. 98 at 4, the $55 payment that he apparently made in 2003 has nothing to do with the traffic ticket attached to AllianceOne's motion to dismiss and whatever expectations or conclusions that plaintiff formed when he made such $55 payment do not diminish the relevance of the ticket to the characterization of the debt the ticket created. The Court therefore overrules plaintiff's objection to the Order. Moreover, the Court rejects for the reasons stated above plaintiff's objections regarding whether or not he consented to a magistrate judge in this case.

Wherefore, it is

ORDERED that plaintiff Jeffrey D. Fox's Motion to Amend Judgment [Docket No. 94] and Motion to Amend or Alter Court Order [Docket No. 95] pursuant to Federal Rule of Civil Procedure 59(e) are denied.  It is further

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 84] is accepted and plaintiff's Motion to Amend Complaint [Docket No. 55] and "Motion to Amend Complaint (#4) (Rule 15(a)" [Docket No. 59] are denied without prejudice to plaintiff filing a motion to file a second amended complaint in light of the rulings in this order.  It is further

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 82] is accepted as to its recommendation concerning plaintiff's second and seventh claims for relief against defendant AllianceOne Receivables Management, Inc.  The Court grants that portion of defendant AllianceOne's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 39] concerning plaintiff Jeffrey D. Fox's second and seventh claims for relief against AllianceOne.  The Court takes that portion of AllianceOne's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 39] concerning plaintiff's first claim for relief under advisement until such time as plaintiff is allowed to file a second amended complaint that supplements such claim.  If the Court denies supplementation of the first claim for relief through a second amended complaint, the Court will issue a ruling on the motion to dismiss the first claim at that time.  It is further

ORDERED that plaintiff's objection to the Order [Docket No. 90] of the assigned United States Magistrate Judge concerning his Motion in Limine – Objection to Evidence [Docket No. 51] is overruled.

DATED January 5, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge