IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

    Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 82] filed on September 23, 2009. Magistrate Judge Boyd N. Boland recommended that the Court grant the motion to dismiss [Docket No. 39] filed by defendant AllianceOne Receivables Management, Inc. ("AllianceOne"). Plaintiff's motion to amend his complaint [Docket No. 102] is also before the Court. The motions are ripe for disposition.

**I. BACKGROUND**

    In a January 5, 2010 Order [Docket No. 99], the Court found that, as to plaintiff's first claim for relief, the Recommendation properly concluded that plaintiff had failed to state a claim under the Privacy Act, 5 U.S.C. § 552a, and the Bank Secrecy Act, 31 U.S.C. § 5318, because plaintiff did not allege that AllianceOne is a federal agency. Plaintiff sought to supplement his first claim by adding allegations under Section 1798 of the California Information Practices Act of 1977 ("IPA"), which incorporates certain

portions of the Privacy Act. See Motion to Amend Complaint (#4) (Rule 15(a) [Docket No. 59], at 2. Given that the parties had not briefed the issue of whether plaintiff was able to state a claim under the Information Practices Act, the Court took AllianceOne's motion to dismiss under advisement as to the plaintiff's first claim until such time as plaintiff filed a proposed second amended complaint that supplemented the claim. Plaintiff has filed a motion to amend his complaint along with a proposed second amended complaint [Docket No. 102]. AllianceOne did not file a response to plaintiff's motion to amend.

## II. DISCUSSION

### A. Form of Pleading

As an initial matter, the Court notes that, instead of simply supplementing his first claim for relief against AllianceOne, plaintiff has filed a proposed second amended complaint which no longer separately asserts claims for relief identifying the defendants against which each is asserted. Instead, plaintiff lists three claims for relief followed by numerous factual allegations that, with few exceptions, collectively reference the defendants. Plaintiff's *pro se* status does not excuse such a confusion of his claims at such a late stage of the litigation and after being afforded an opportunity to *clarify* his claims. This alone justifies a dismissal of his claim against AllianceOne.

Nevertheless, the Court turns to the substance of plaintiff's proposed amendments to determine whether they state a claim and thus warrant denial of the sole remaining aspect of AllianceOne's motion to dismiss. The Court, in resolving the remaining portion of AllianceOne's motion to dismiss, will construe the *pro se* plaintiff's

pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In so doing, the "court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). The Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even

though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

In its January 5, 2010 Order, the Court dismissed plaintiff's claim alleging a Fourth Amendment violation against AllianceOne because plaintiff failed to allege facts supporting the inference that AllianceOne is a state actor. *See* Docket No. 99 at 6; *cf. Johnson v. Rodrigues,* 293 F.3d 1196, 1202 (10th Cir. 2002). In his proposed second amended complaint, plaintiff now provides additional allegations in that regard. *See, e.g.*, Docket No. 102-1 at 12, ¶ 21 and 13, ¶ 22. The Court, however, does not need to determine whether AllianceOne is a state actor because Plaintiff's complaint fails to provide any factual allegations raising an inference that AllianceOne wrongfully seized any of his assets.

The closest the complaint comes to specifically alleging that AllianceOne seized plaintiff's property is the averment that plaintiff "believes that he can show that AllianceOne Receivables Management issued a Three-Page 'Order to Withhold Funds' representing it as though it originated with the California Franchise Tax Board and/or the California Superior Courts." Docket No. 102-1 at 12, ¶ 22. Plaintiff attaches the referenced document to his proposed complaint, *see* Docket No. 102-1 at 16-17, which the Court may consider on this motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The exhibit contains no reference to AllianceOne. The Court cannot determine, based on plaintiff's pleadings

4

and the supporting documentation, what exactly AllianceOne is alleged to have done that could constitute a seizure of property in violation of the Fourth Amendment. Plaintiff's proposed complaint contains no factual averments that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Therefore, even when read liberally, there is no basis to permit plaintiff to re-assert his Fourth Amendment claim.

The Court now turns to plaintiff's proposed allegations against AllianceOne arising out of an alleged invasion of his privacy rights. Plaintiff entitles his first claim for relief "Violation of the Plaintiff's Constitutional right to privacy as guaranteed by the U.S. Constitution and by the California Information Practices Act, 1977." Docket No. 102-1 at 5. Even assuming AllianceOne is a state actor that could be subjected to a claim for invading a constitutionally protected privacy interest, plaintiff's proposed amended complaint contains no allegation regarding what private information AllianceOne disseminated. In the absence of such an allegation, there can be no determination of whether there has been a violation of plaintiff's right not to have "governmental inquiry into matters in which it does not have a legitimate and proper interest," *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 630 (10th Cir. 1988). Nor has plaintiff alleged facts that indicate he had a legitimate expectation of privacy in the information. *See Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995). Finally, plaintiff's allegations are directed at all the defendants collectively. There is, therefore, no basis upon which the Court can determine whether a constitutionally-protected interest was violated *by AllianceOne*, and AllianceOne has been provided no means to "ascertain what particular unconstitutional acts [it is] alleged to have committed." *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Plaintiff's failure to allege any facts concerning the information AllianceOne wrongfully disseminated also dooms his first claim for relief to the extent it relies upon the IPA. Pursuant to Section 1798.53 of the IPA,

> [a]ny person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 (P.L. 93-579; 5 U.S.C. 552a)) maintained by a federal government agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains.

California Civil Code § 1798.53. While "California courts have permitted claims pursuant to § 1798.53 against non-governmental agencies," *Witriol v. LexisNexis Group*, No. C05-02392 MJJ, 2006 WL 4725713, at *5 (N.D. Cal. Feb. 10, 2006), plaintiff has not clearly identified what information AllianceOne intentionally disclosed. Moreover, plaintiff's allegations are generalized and addressed to all defendants. *See, e.g.*, Docket No. 102-1 at 6 ("They made unlawful inquiry into records about the plaintiff's private financial affairs by inquiring or accessing private and state agency records both written and electronic, multiple times, over a period exceeding eleven years, to obtain information regarding his banking institution(s), personal financial assets, employment, and tax information, and other private information concerning his assets . . .").[1] While he is not required to plead his claim with any heightened

---

[1] Indeed, all that can be gleaned from plaintiff's filings is that AllianceOne was retained to play some role in the collection of the amount the California Franchise Tax Board was attempting to recover. At most, the complaint could be read to imply that the California Franchise Tax Board possibly disclosed certain information *to* AllianceOne. *See* Docket No. 102-1 at 8, ¶ 16.E.

specificity, plaintiff must provide AllianceOne some notice as to what it is alleged to have done which "nudge[s] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Not only can the Court not determine from the proposed amended complaint what wrongful conduct AllianceOne is alleged to have engaged in, the Court is unable to determine what role AllianceOne played at all in the events described in plaintiff's complaint. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphasis in original).

For the foregoing reasons, the Court finds that accepting the second amended complaint for filing would be futile[2] and that AllianceOne is entitled to have plaintiff's remaining claim against it dismissed.[3]

Therefore, it is

**ORDERED** that, for the reasons stated above, the remaining aspect of the

---

[2] *See Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1356 (D. Colo. 2003) ("While Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile.").

[3] In a previously-filed motion to amend his complaint [Docket No. 55], plaintiff sought leave to add as a defendant the Judicial Council of California. The Court denied plaintiff's motion to amend without prejudice to his filing a new motion to amend in which he addresses how the Court would have personal jurisdiction over the Judicial Council of California. *See* Docket No. 99 at 3. Plaintiff has failed to adequately address that question. Instead, he refers the Court to his separately-filed motion to change venue [Docket No. 93]. The Court will address that motion in a separate Order.

7

Recommendation [Docket No. 82] taken under advisement is accepted. It is further

**ORDERED** that the remaining portion of defendant AllianceOne's motion to dismiss [Docket No. 39] is GRANTED. Plaintiff's remaining claim against AllianceOne is dismissed. It is further

**ORDERED** that plaintiff's motion to amend his complaint [Docket No. 102] is DENIED. It is further

**ORDERED** that plaintiff's motion requesting an extension of the deadline to file his motion to amend [Docket No. 109] is denied as moot. Pursuant to the Court's March 17, 2010 Minute Order, plaintiff's January 15, 2010 filing of his motion to amend was deemed timely.

DATED September 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge