IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

    Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD, et al.,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's "Motion for Change in Venue – U.S.C. 28 1404(b)" [Docket No. 93]. The motion is ripe for disposition.

## I. BACKGROUND

In an Order dated September 30, 2009 [Docket No. 87], the Court dismissed plaintiff's claims against defendants County of Orange - California, Board of Supervisors; Thomas G. Mauk, CEO - County of Orange, California; John M. W. Moorlach; Patricia C. Bates; Janet Nguyen; Bill Campbell; and Chris Norby (the "Orange County defendants") for lack of personal jurisdiction. Plaintiff's claims against the Orange County defendants arose out of plaintiff's allegation that $801 he had in a credit union savings account in California was seized in September 2007. Plaintiff filed a small claims action in the Superior Court of Orange County, California on September 10, 2007 regarding this alleged seizure. Plaintiff sought recovery from the Orange County defendants because he alleged that the small claims court dismissed

his suit without addressing his constitutional claims.

Plaintiff's motion for charge of venue asks the Court "to amend the dismissal order and reinstate the case against the [Orange] County Defendants by ordering a change of venue under 28 U.S.C. § 1404(b) to a district with proper personal jurisdiction." Docket No. 93 at 2. While such a request would normally be treated as a request to reconsider a prior ruling,[1] plaintiff's motion implicates 28 U.S.C. § 1631. The Court is required to "evaluate[] the possibility of transferring [plaintiff's] claims" even in the absence of a motion to transfer. *Trujillo v. Williams*, 465 F.3d 1210, 1223, n.15 (10th Cir. 2006) (remanding because district court failed to engage in that evaluation and noting that, "[b]ased on the mandatory language of [28 U.S.C. §§ 1406(a) and 1631], we have determined that the plaintiff need not first file a motion to transfer"); *see Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Although Miller did not move the district court to transfer the case, we have held that '[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.'") (quoting *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987)). Therefore, the Court will now determine, in the first instance, whether plaintiff's claims against the Orange County defendants should have been dismissed or, rather, whether the Court should have transferred them.

---

[1] When a party seeks "reconsideration" of a non-final order, that motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

## II. DISCUSSION

If a court determines that "there is a want of jurisdiction" over a case, it "shall, if it is in the interest of justice, transfer such action . . to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631; *see Federal Deposit Ins. Corp. v. McGlamery*, 74 F.3d 218, 220 (10th Cir. 1996). Despite the provision's use of the mandatory "shall," the Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to confer discretion on the trial court in making a decision to transfer an action or to dismiss without prejudice." *Young v. State Government of Oklahoma*, 98 F. App'x 760, 763 (10th Cir. 2004); *see Trujillo*, 465 F.3d at 1223. In exercising that discretion, the Court considers (1) "whether the claims would be barred by a statute of limitations if filed anew in the proper forum," (2) "whether the claims alleged are likely to have merit," and (3) "whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Young*, 98 F. App'x at 763-64 (citing *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); *see Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir. 1996)).

On January 5, 2010, the Court directed plaintiff to supplement his motion to inform the Court, *inter alia*, "what prejudice, if any, plaintiff would suffer from the Court dismissing this case as opposed to transferring it, especially in light of the Court's rulings." Docket No. 100 at 2. In response, plaintiff does not contend that the relevant statutes of limitations would bar him from re-filing his complaint in a proper court. Rather, he argues that the bar to relief would stem from the "costs and efforts at re-initiating the case in another state." Docket No. 101 at 2. With that said, the Court

recognizes the risk that plaintiff's claims may well be time-barred upon a dismissal.

Even assuming his claims are time-barred, however, "the other factors outweigh this consideration and render transfer not in the interests of justice." *Young*, 98 F. App'x at 764. As to the second factor, the Court is "authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).[2] In his claims against the Orange County defendants, plaintiff seeks "compensatory and punitive relief" arising out of his allegation that he was not afforded due process when his lawsuit filed in Orange County was dismissed without resolution of his constitutional claims. *See* Docket No. 25 at 7-11. Essentially, plaintiff seeks to recover against these defendants for failing to properly consider constitutional violations by others. As such, the Court sees little substance to plaintiff's complaint. Moreover, plaintiff's claims against the Orange County defendants likely face a number of insurmountable problems, such as governmental immunity, the Eleventh Amendment's prohibition against suits for damages against the state, and the *Rooker-Feldman* doctrine. *See Young*, 98 F. App'x at 764 ("Essentially, Mr. Young complains of the results of an ordinary divorce proceeding and an ordinary contempt proceeding following failure to pay alimony. It is unlikely that any of Mr. Young's rights were violated by either proceeding and even if

---

[2]Although *Haugh* addressed the issue in the context of a petition for writ of habeas corpus, the Tenth Circuit has cited *Haugh* outside that context. *See Young*, 98 F. App'x at 763.

they were, it seems unlikely that Mr. Young will be able to show a lack of governmental immunity on the part of the state actors."); *see generally*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) (stating that the *Rooker-Feldman* doctrine, which derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "prohibits federal suits that amount to appeals of state-court judgments"); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) ("[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state."); *Stefanski v. Kammeyer*, No. 08-CV-103 RM, 2008 WL 2809896, at *1 (N.D. Ind. July 21, 2008) (dismissing claims against a small claims court magistrate because the "actions [plaintiff] alleges were actions taken by [the magistrate] while presiding over an action pending before him . . . and, as such, were of a judicial nature warranting immunity") (citing *Forrester v. White*, 484 U.S. 219, 229 (1988)).

The third factor the Court considers is whether plaintiff's filing of his claims against the Orange County defendants was in "good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Trujillo*, 465 F.3d at 1223, n.16 (quoting *Trierweiler*, 90 F.3d at 1544). Although the Court's determination of this factor is informed by plaintiff's *pro se* status,

5

that status does not wholly excuse the failure to determine whether he was initiating suit in a proper forum. *See Young*, 98 F. App'x at 764 (citing *Keaveney v. Larimer*, 242 F.3d 389 (table), 2000 WL 1853994, at *2 (10th Cir. Dec. 19, 2000)). Plaintiff's allegations reveal that the Orange County defendants did not purposefully direct any of the alleged conduct at Colorado. *See id.*, at 764 ("Mr. Young, though appearing *pro se*, must have been aware that all the parties he attempted to sue had little or no contact with the state of New Mexico and that Oklahoma would be the proper forum."). Therefore, the Court concludes that, while not necessarily dispositive on its own, this factor weighs against transfer.[3]

Finally, by Order dated September 29, 2010 [Docket No. 112], the Court dismissed plaintiff's claims against defendant AllianceOne. Therefore, the only remaining defendants in this action are the California Franchise Tax Board and various individuals. The docket sheet does not indicate that plaintiff has served any of these defendants. Therefore, for that reason alone, this Court does not have personal jurisdiction over them, and that defect would not be cured by a transfer. Consequently, to the extent plaintiff seeks transfer of his complaint as to these remaining defendants, the Court denies that request. Moreover, in light of the apparent failure to effectuate

---

[3]*See Keaveney*, 2000 WL 1853994, at *2 ("Keaveney's pro se status does not excuse his obligation to comply with the procedural rules, including jurisdiction and venue, that apply to all litigants. This is not a case in which jurisdiction and venue turned on "the existence of some elusive fact" about which Keaveney made an "erroneous guess." Rather, the error here was obvious. This is not to say that the district court could not have transferred Keaveney's case had it chosen to do so. We hold only that when a plaintiff 'has committed an obvious error and the district court does not find that the transfer would serve the interest of justice, we will not disturb its exercise of discretion.'") (citations omitted).

service, the Court must dismiss the claims against these defendants in the absence of a showing of good cause by plaintiff for his failure to effectuate service.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to transfer venue [Docket No. 93] is DENIED.  It is further

**ORDERED** that, on or before Friday, October 12, 2010, plaintiff shall show cause why he has failed to serve the remaining defendants in the manner and within the time limits provided by Federal Rule of Civil Procedure 4.  In the absence of an adequate showing, the claims against the remaining defendants will be dismissed without further notice provided to plaintiff.

DATED September 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge