IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01047-PAB-BNB

JEFFREY D. FOX,

    Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD,
JOHN CHIANG, individually and in his official capacity,
RICK WARD, individually and in his official capacity,
JOYCE (last named to be identified), individually and in her official capacity,
SUE YING, individually and in her official capacity,
BOB MAUCH, Chairman, in his official capacity,
STEVEN SHERMAN, Judge Pro Tem, in his official capacity,
JUDY CHU, individually and in her official capacity,
MICHAEL GENEST, individually and in his official capacity,
SELVI STANISLAUS, individually and in his official capacity,
RUDY HANLEY, CEO SchoolsFirst Federal Credit Union, in his official capacity,

    Defendants.

_____

**ORDER DISMISSING CASE**
_____

    This matter is before the Court on plaintiff's response to the Court's order to show cause [Docket No. 114]. On September 29, 2010, the Court denied plaintiff's motion to transfer venue and ordered the plaintiff to show cause why he had failed to serve the remaining defendants in the manner and within the time limits provided by Fed. R. Civ. P. 4 [Docket No. 113]. Plaintiff responded on October 12, 2010 [Docket No. 114].

    In response to the order to show cause, plaintiff claims that he did properly serve the remaining defendants and cites his motion for entry of default judgment [Docket No.

75] as evidence in support of his claim.  The clerk's office denied entry of default for plaintiff's apparent failure to comply with California's service of process rules.  The Court agrees that plaintiff has failed to show that he property served either the California Franchise Tax Board ("CFTB") or the other individual defendants.

Rule 4 of the Federal Rules of Civil Procedure governs service of process and allows that a person may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Plaintiff sought to serve defendants located in California, and therefore, could have effected service by following the California Code of Civil Procedure.

California Code of Civil Procedure section 415.30 requires that a summons may be served by mail where a copy of the summons and the complaint are mailed along with an acknowledgment form and a prepaid return envelope.  Service of the summons is not deemed complete until "the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Code § 415.30(c).  But, if the person to whom the summons and complaint were mailed fails to complete and return the acknowledgment form within twenty days, the mailer must still effect service at the served individual's expense.  *See* Cal. Civ. Code § 415.30(d).  Further, section 416.50 requires that public entities, like the CFTB, may be served by delivering a copy of the summons and the complaint to entity's "clerk, secretary, president, presiding officer, or other head of its governing body."  Civ. Code § 416.50(a).

Plaintiff's motion for default states that he served the CFTB and CFTB employees John Chiang, Rick Ward, Sue Ying and Joyce (last name unknown) by mailing summonses and copies of his amended complaint by certified mail to a post office box he was advised was the proper address for the CFTB. Docket No. 75 at 2-3. Plaintiff's motion for default fails to show that he included acknowledgments in this mailing, as required by Cal. Civ. Code § 415.30, or that any acknowledgments were returned to him, so as to effectuate service under § 415.30(c). Moreover, plaintiff's motion for default does not demonstrate that he delivered a copy of the summons and complaint to the CFTB's clerk, secretary, president, presiding officer, or other head of the CFTB's governing body, as required by Cal. Civ. Code § 416.50(a).

As to the individual defendants, plaintiff fails to provide any proof of service.

Therefore, plaintiff has failed to show cause for not having served the remaining defendants and, as a result, it is

**ORDERED** that plaintiff's amended complaint [Docket No. 25] is dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4.

DATED December 23, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge